SUMMARY ORDER

Lynn Kucharski appeals from a July 16, 2008 judgment entered in the United States District Court for the District of Connecticut (Eginton, J.), granting summary judgment in favor of CORT Furniture Rental (“CORT”). Kucharski challenges the district court’s grant of summary judgment as to her pregnancy discrimination claims. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
“We review a district court’s grant of summary judgment de novo, affirming when, construing all evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law.” Ruggiero v. County of Orange, 467 F.3d 170, 173 (2d Cir.2006) (internal quotation marks and citations omitted).
Kucharski’s Title VII pregnancy discrimination claim is reviewed under the familiar three-part burden shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Alternatively, Kuc-harski may rely on the “mixed-motive” test set forth in Price Waterhouse v. Hopkins, 490 U.S. 228, 258, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (plurality opinion). Under Pnce Waterhouse, Kucharski must “show that an impermissible criterion was in fact a motivating or substantial factor in the employment decision.” Raskin v. Wyatt Co., 125 F.3d 55, 60 (2d Cir.1997) (internal quotation marks omitted). The same standards apply to Kucharski’s state law pregnancy discrimination claims. See Levy v. Comm’n on Human Rights & Opportunities, 236 Conn. 96, 671 A.2d 349, 355-58 (1996).
Even assuming that Kucharski has made out a prima facie case of discrimination under McDonnell Douglas, 411 U.S. at 804, 93 S.Ct. 1817, she has failed to establish “that the presumptively valid reasons for [her termination] were in fact a coverup for a ... discriminatory decision,” id. at 805, 93 S.Ct. 1817, or that “an impermissible criterion was in fact a motivating or substantial factor in the employment decision,” Raskin, 125 F.3d at 60. It is undisputed that CORT’s medical leave policy provides four weeks of paid medical leave to employees who have worked at the company for less than a year. It is also undisputed that Kucharski — who began working at CORT on October 6, 2003 — commenced medical leave due to pregnancy-related complications on April 2, 2004, and failed to return to work by May 3, 2004, as required by CORT’s leave policy. Kucharski does not contest that CORT’s policy applies uniformly regardless of sex or medical condition, and that she was afforded the four-weeks leave to which she was entitled. That is all that Title VII required. Lambert v. Genesee Hosp., 10 F.3d 46, 58 (2d Cir.1993) (holding that “Title VII requires that women affected by pregnancy, childbirth, or related medical conditions be treated the same as other employees who have temporary disabilities”).
Kucharski argues that two pieces of evidence directly establish CORT’s discriminatory conduct. First, Kucharski points to *714 an e-mail from supervisor James Mas to other managers at CORT stating that he was “terminating [Kucharski’s] employment due to her inability to work due to complications from her pregnancy.” Second, Kucharski points to a Personnel Action Form on which Mas checked “Health Reasons” as the basis for Kucharski’s termination.
As to Mas’s e-mail, it supplies evidence that Kucharski was fired because of medical complications due to her pregnancy, but that is not unlawful. Title VII does not prohibit the termination of employees who are pregnant- — it prohibits treating pregnant employees dissimilarly from others. As to the Personnel Action Form, the form, on its face, states a true and nondiscriminatory fact: that Kucharski was terminated because health complications precluded her from working. It was Kucharski’s burden to present evidence establishing that the notation reveals discrimination; she failed to do so.
We have considered Kucharski’s remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.